**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
Taylor W. Rhoan, SBN 294941
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF SACRAMENTO, SCOTT JONES, JOSEPH MILLICAN, ZACHARY ROSE and DUNCAN BROWN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT I. REESE, JR., <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SACRAMENTO; Sacramento County Sheriff's Department Deputy DUNCAN BROWN (Badge #1220); Sacramento County Sheriff's Department Deputy ZACHARY ROSE (Badge #832); Sacramento County Sheriff's Department Sergeant JOSEPH MILLICAN (Badge #246); and Sacramento County Sheriff SCOTT JONES; DOES I through XV, inclusive, <br><br> Defendants. <br> _____ / | Case No.: 2:13-cv-00559-JAM-DAD <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION** |

The Motion for Summary Judgment, or in the Alternative, Summary Adjudication filed by Defendants COUNTY OF SACRAMENTO, SCOTT JONES, JOSEPH MILLICAN and ZACHARY ROSE ("Defendants") came on regularly for hearing on July 1, 2015, in the above-referenced court. John R. Whitefleet and Taylor W. Rhoan appeared as counsel for Defendants and Stewart Katz appeared as counsel for Plaintiff.  Having considered the Motion and accompanying papers, the

{01433781.DOC}                                                                 1
**[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION**

evidence, as well as the oral argument made at the time of the hearing, in accordance with the reasoning stated on record at the hearing on July 1, 2015, the Court hereby finds as follows:

1. Plaintiff has abandoned all claims against Defendants SCOTT JONES and JOSEPH MILLICAN.

2. With respect to Plaintiff's Second Cause of Action under California Civil Code § 52.1(b) (Bane act), Plaintiff clarified at the hearing that he is not pursuing any separate and independent state causes of action under the California constitution, Article I §§ 1, 7, or 13.

3. Plaintiff's claims are not barred by the conviction under California Penal Code section 417(a), as the Court finds prevailing in this case would not necessarily imply the conviction was invalid under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and <u>Yount v. City of Sacramento</u>, 43 Cal.4th 885 (2008).  See <u>Estate of Srabian v. County of Fresno</u>, 2012 U.S. Dist. LEXIS 168218 (E.D. Cal. 2012).

4. Triable issues of fact exist as to whether the round fired by Defendant ZACHARY ROSE struck Plaintiff, which precludes summarily adjudicating the claims against ROSE. Triable issues of fact also exist as to how the incident transpired, which preclude reaching the issue of qualified immunity as to both Defendants ROSE and BROWN.

5. There is no triable issue of material fact as to Plaintiff's municipal liability claims (the Third, Fourth and Fifth causes of action). While Plaintiff submits statistical evidence that there were 24 officer-involved shootings from 2007-2011, the Court finds absent additional information as to the circumstances of those shootings, or evidence that some adjudicatory body found a constitutional violation, or that the Office of the District Attorney found some unlawful conduct, or that the County's Internal Affairs found some unlawful conduct and reported it but was ignored, these shootings by themselves are insufficient to support a finding of municipal liability under a <u>Monell</u> theory. Accordingly, judgment as a matter of law on these claims is appropriate.

GOOD CAUSE APPEARING, the Court hereby ORDERS as follows:

1. All claims against SCOTT JONES and JOSEPH MILLICAN are dismissed with prejudice.  SCOTT JONES and JOSEPH MILLICAN are hereby terminated as parties.

///

     2.     Defendants move to dismiss any separate and independent state causes of action under the California Constitution, Article I §§ 1, 7, or 13. Plaintiff contends that he never asserted any such causes of action, so there is nothing to dismiss. He contends that his Second Cause of Action in the operative complaint refers to California Civil Code § 52.1(b) (Bane Act). In any event, to the extent that the Complaint raised any such causes of action, any separate or independent claims asserted under California Constitution, Article I §§ 1, 7, or 13 are hereby dismissed with prejudice.

     3.     Defendant ROSE's Motion for Summary Adjudication with respect to the First Claim for Unreasonable Seizure/Excessive Force, is DENIED because the court finds that there are triable issues of fact.  Likewise, Defendant ROSE's Motion for Summary Adjudication with respect to the Second Cause of Action under California Civil Code § 52.1(b) (Bane Act) and the Sixth Cause of Action for Battery is DENIED because there are triable issues of fact.

     4.     Defendant COUNTY OF SACRAMENTO's Motion for Summary Adjudication with respect to the municipal liability claims in the Third, Fourth and Fifth causes of action against Defendant COUNTY OF SACRAMENTO is GRANTED.

     5.     There are triable issues of fact which preclude the Court from determining qualified immunity at this stage of the proceeding. Accordingly, Defendant ZACHARY ROSE and BROWN's Motion for Summary Adjudication seeking qualified immunity is DENIED.

Dated:  July 16, 2015                                /s/ John A. Mendez
                                                                            Honorable John A. Mendez
                                                                            United States District Court Judge

**Approved as to Form and Content**:

By: /s/ Thomas Seabaugh (*as authorized on July 13, 2015*)
       Stewart Katz, Esq.
       Dale K. Galipo, Esq.
       Thomas Seabaugh, Esq.
       Attorneys for Plaintiff
       Robert I. Reese, Jr.