**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
Lauren E. Calnero, SBN 284655
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF SACRAMENTO, ZACHARY ROSE and DUNCAN BROWN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT I. REESE, JR., <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SACRAMENTO; Sacramento County Sheriff's Department Deputy DUNCAN BROWN (Badge #1220); Sacramento County Sheriff's Department Deputy ZACHARY ROSE (Badge #832); Sacramento County Sheriff's Department Sergeant JOSEPH MILLICAN (Badge #246); and Sacramento County Sheriff SCOTT JONES; DOES I through XV, inclusive, <br><br> Defendants. <br> _____ / | Case No.: 2:13-cv-00559-GEB-DAD <br><br> **DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE PLAINTIFF'S POLICE PRACTICES EXPERT FROM TESTIFYING AT TRIAL, OR FROM TESTIFYING REGARDING ULTIMATE FACTS, DISPUTED FACTS, CREDIBILITY OF WITNESSES, LEGAL CONCLUSIONS, AND IMPROPER OPINIONS WITHOUT FACTUAL SUPPORT OR FOUNDATION** <br><br> Trial Date: October 27, 2015 <br> Time:         9:00 a.m. <br> Courtroom: 10 <br> Judge:       Garland E. Burrell, Jr. <br><br> **Complaint Filed:** March 22, 2013 |

///
///
///
///
///

{01446478.DOC}                                       1

# I.

## MOTION IN LIMINE NO. 6

Defendants COUNTY OF SACRAMENTO, DUNCAN BROWN and ZACHARY ROSE (hereinafter "Defendants") moves this Court for an Order precluding Plaintiff ROBERT I. REESE, JR.'s (hereinafter "Plaintiff") police practices expert Roger Clark from offering specific opinions at trial.

# II.

## OPINIONS THAT THE USE OF FORCE WAS "OBJECTIVELY INAPPROPRIATE," "INAPPROPRIATE," "EXCESSIVE," OR "UNREASONABLE" SHOULD BE EXCLUDED

F.R.Evid. 704(a) permits opinion testimony that embraces an ultimate issue to be decided by the trier of fact. F.R.Evid. 704(a); United States v. Kinsey, 843 F.2d 383, 388 (9th Cir. 1988), overruled on other grounds by, United States v. Nordby, 225 F.3d 1053 (9th Cir. 2000). "An ultimate issue opinion by a properly qualified expert should not be excluded except in the extreme case where the expert's opinion is inherently misleading or unfairly prejudicial." Kinsey, 843 F.2d at 389. Additionally, the Ninth Circuit has generally allowed expert testimony regarding the appropriateness of police conduct. See e.g. Smith v. City of Hemet, 394 F.3d 689, 703 (9th Cir. 2005) (holding that rational jury could rely on expert testimony regarding applicable police standards and training to opine regarding appropriate conduct police should have taken). "That said, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." Nationwide Transport Finance v. Cass Info. Systems, Inc., 523 F.3d 1051, 1058 (9th Cir. 2008); see also Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.").

In his Rule 26 report, Clark opines: "The use of lethal force was objectively inappropriate because: Mr. Reese did not present an immediate threat of death or great bodily injury to the officers or any other person; [and] there was no direction for Mr. Reese to drop the knife or "freeze" before using deadly force." (Declaration of John R. Whitefleet In Support of Mot. In Limine No. 6 ("Whitefleet Decl. ISO MIL No. 6") ¶ 3, Exh. A. at 6 ¶ 1.) The report continues to characterize as the officer's

{01446478.DOC}    2

**DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE PLAINTIFF'S POLICE PRACTICES EXPERT FROM TESTIFYING AT TRIAL, OR FROM TESTIFYING REGARDING ULTIMATE FACTS, DISPUTED FACTS, CREDIBILITY OF WITNESSES, LEGAL CONCLUSIONS, AND IMPROPER OPINIONS WITHOUT FACTUAL SUPPORT OR FOUNDATION**

1  conduct as "inappropriate." (Whitefleet Decl. ISO MIL No. 6, ¶ 3, Exh. A at 6 ¶ 2, 7 ¶ 4.) The report
2  also refers to the "excessive wounding of Mr. Reese." (Id. ¶ 3, Exh. A at 7 ¶ 5.) Clark also opines in
3  the report that "…their force was grossly inappropriate, excessive, and unreasonable." (Id. ¶ 3, Exh. A
4  at 9.)

5        In his deposition, Roger Clark confirmed those opinions:

6  "Q. Okay. So referring to in your report, again, your first opinion in the case, page 6.

7  A. I have it.

8  Q. Okay. Your opinion is that the use of force was objectively inappropriate. Is that my
9  understanding of your opinion?

10 A. Yes.

11 Q. Is that the standard that you were using, whether it was objectively reasonable under the
12 circumstances?

13 A. Yes."

14 (Whitefleet Decl. ISO MIL No. 6, ¶ 4, Exh. B at 52:18-53:2.)

15 "Q. So, it's your opinion that the officers approach the door was objectively unreasonable?

16 A. Yes."

17 (Whitefleet Decl. ISO MIL No. 6, ¶ 4, Exh. B at 53:21-23.

18 "Q. Okay. And it's your opinion that the use of force in discharging the AR-15 was
19 objectively unreasonable?

20 A. Oh yes."

21 (Whitefleet Decl. ISO MIL No. 6, ¶ 4, Exh. B at 53:24-2.)

22 "A. I do. So if you're knocking on the door, and you say, Sheriff's department, will you
23 please come to the door, that would be reasonable. But that's not what happened here. And what
24 happened is not reasonable."

25 (Whitefleet Decl. ISO MIL No. 6, ¶ 4, Exh. B at 51:14-17.)

26 ///
27 ///
28 ///

Defendant request that Roger Clark's testimony be limited to what he believes acceptable force was, and what the course of conduct would have been appropriate, but limit any opinion testimony by Clark as to whether conduct was "objectively inappropriate," "unreasonable" or "excessive." These are impermissible legal conclusions that should be excluded. Similar testimony by Clark has been excluded in prior cases. See e.g. Valiavicharska v. Celaya, No. CV 10-4847 JSC, 2012 U.S. Dist. LEXIS 8191, at *9-10 (N.D. Cal. Jan. 24, 2012) (excluding opinion testimony of Roger Clark) ("In excessive force cases, an expert may not opine on whether the Defendants' use of force was reasonable under the circumstances as this is just such an opinion on an ultimate issue of law that risks usurping the jury's province."); see also Carr v. Montgomery Cnty., 2015 U.S. Dist. LEXIS 136560, *25-26 (S.D. Tex. Oct. 7, 2015) (excluding Roger Clark's testimony on the same grounds).

Further, whether the deputies violated Plaintiff's constitutional rights is an ultimate issue of law on which Clark may not opine. Similarly, Clark may not give his opinion as to whether the deputies' use of force against Galindo was "reasonable." Here, "reasonable" has an eminently significant legal connotation such that Clark's opinion as to the reasonableness of the deputies' use of force constitutes a legal conclusion that risks usurping the jury's role. Likewise, Roger Clark should be prohibited from opining that the deputies "should have" used less force, or some alternative force, relative to constitutional standards of reasonableness.

### III.

### OPINIONS RELATED TO "TACTICAL APPROACH" TO THE DOOR SHOULD BE EXCLUDED

Defendants submit that any opinion by Roger Clark criticizing Defendants "tactical approach" should be precluded because it is not relevant to the sole constitutional claim for excessive force before the Court, or could potentially confuse the jury. Further, this opinion should be excluded because it goes to whether or not the individual Defendants were negligent, a claim that was not made in the Complaint and will not be considered by the jury at trial.

///

///

///

Specifically, Roger Clark opines in his report that:

"The record demonstrates that the deputies acted without taking the time to formulate an appropriate, prudent, and tactically sound plan before pounding on the door. This included their failure to await Sergeant Millican's arrival…" (Whitefleet Decl. ISO MIL No. 6, ¶ 3, Exh. A at 6-7, ¶ 3.).  In other words, Mr. Clark is critical of the manner in which the deputies approached the closed door of Apartment 144 and before any contact with Plaintiff was made.

"Q. So it's your opinion that the officers approach the door was objectively unreasonable?

A. Yes.

(Whitefleet Decl. ISO MIL No. 6, ¶ 4, Exh. B at 53:21-23.)  Mr. Clark basis this opinion on principles of "time talking and tactics" from Los Angeles Sheriff Department materials:

"Q. […]. Is there any specific literature from which you were taking that terminology, quote, "time, talking, and tactics"?

A. Not that quote. There's no -- I can't put my finger on any specific literature or article.

Q. Does any of the learning domains that you referenced use the term or the phrase "time, talking, tactics"?

A. No.

Q. …Are you aware of any literature at all that have used that phrase "time, talking, and tactics"?

A. Yes. I've seen it in my own department's training.

Q. So you're referring to the training materials used by the Los Angeles Sheriff's Department prior to 1993?

A. Well, that for sure, because I used it myself in that kind of training.

Q. Are you aware of any literature that exists that have used the phrase, "time, talking, and tactics" outside of Los Angeles County Sheriff's Department after 1993?

A. […] I'm not aware of any.

(Whitefleet Decl. ISO MIL No. 6, ¶ 4, Exh. B at 37:14-40:6.)

///

///

Defendants submit these opinions about whether the approach to the door was "tactically sound" not only sounds in negligence, has no bearing on what the jury will determine. The Ninth Circuit Model jury instructions provide:

> Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.
>
> In determining whether the officer[s] used excessive force in this case, consider all of the circumstances known to the officer[s] on the scene, including:
>
> 1. The severity of the crime or other circumstances to which the officers were responding;
>
> 2. Whether the plaintiff posed an immediate threat to the safety of the officers or to others;
>
> 3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;
>
> 4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;
>
> 5. The type and amount of force used;
>
> 6. The availability of alternative methods to subdue the plaintiff.

None of the above factors speak to whether a different tactical approach should have been used. Moreover, to isolate and separately analyze the approach to the door, would unduly confuse the jury, particularly where Mr. Clark appears to be basing his opinion on Los Angeles County Sheriff's Department materials from 1993 or before. Indeed, even in a negligence context, the California Supreme Court in Hayes v. Cnty. of San Diego, 57 Cal.4th 622, 632 (2013), rejected such a notion stating:

> "…where the preshooting conduct did not cause the plaintiff any injury independent of the injury resulting from the shooting, the reasonableness of the officers' preshooting conduct should not be considered in isolation. Rather, it should be considered in relation to the question whether the officers' ultimate use of deadly force was reasonable."

In other words, to focus in isolation on the defendant officers' preshooting tactical choices, effectively seeks to reduce the use of force analysis into a negligence standard. Thus, to allow Mr. Clark to opine that there was not a "sound tactical plan" or words to that effect, particularly where based on LASD materials relating to "time talking and tactics" is improper and should be excluded.

## IV.

## OPINIONS RELATED TO WHETHER "ANNOUNCEMENT" WAS REQUIRED SHOULD BE EXCLUDED

Defendants further submit that any opinion by Roger Clark that an "announcement" was required prior to knocking on Plaintiff's front door, or that the individual Defendants should have identified themselves prior to knocking on the front door should be excluded because it misstates the case law, and because an expert also may not opine to the jury about legal standards, or what the "law" requires.

Mr. Clark opines that "Officers are trained that absent an exigency, they are required to announce themselves to allow compliance to their lawful authority. This is particularly necessary when lethal force is deployed." (Clark Report at 7, para. 6.) Clark also opined that the "…deputies should have first established verbal contact with Reese through the door." He elaborated on this opinion further at deposition:

Q. You don't consider knocking on the door attempting to establish verbal contact?

A. Certainly the way it was done in this set of facts was not a reasonable method.

Q. So your testimony -- your opinion is knocking on a door is not a reasonable method of attempting to make verbal contact?

A. … So if you're knocking on the door, and you say, Sheriff's department, will you please come to the door, that would be reasonable. But that's not what happened here. And what happened is not reasonable."

(Whitefleet Decl. ISO MIL No. 6, ¶ 4, Exh. B at 50:12-51:17)

With regard to this opinion, Roger Clark further cited to California Penal Code § 1531: "It has to do with search warrants, but it's knock and announce. And the purpose if it is taught in the POST learning domain as No. 16, which I did not site [sic] here, is the time - - making the announcement and

{01446478.DOC}   7

**DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE PLAINTIFF'S POLICE PRACTICES EXPERT FROM TESTIFYING AT TRIAL, OR FROM TESTIFYING REGARDING ULTIMATE FACTS, DISPUTED FACTS, CREDIBILITY OF WITNESSES, LEGAL CONCLUSIONS, AND IMPROPER OPINIONS WITHOUT FACTUAL SUPPORT OR FOUNDATION**

allowing time for the person to come to the door." ((Whitefleet Decl. ISO MIL No. 6, ¶ 4, Exh. B at 55.)

These are improper legal conclusions, improperly applied. California Penal Code § 1531 deals with warrants, and execution thereof. Here, Defendants were not executing a warrant, nor is there any evidence Defendants were attempting to gain entry. Accordingly, to conclude an announcement should have been made, as based on California Penal Code § 1531, is improper and should be excluded. Even in the entry context, there is no "rigid rule of announcement" for every situation. Wilson v. Ark., 514 U.S. 927, 934 (1995). Here, Defendants were responding to a 911 call, not seeking to gain entry, and there is no unlawful entry claim. To claim that not announcing was not "reasonable" is an improper conclusion. For each of these reasons, these opinions should be excluded.

## V.

## OPINIONS REGARDING SUPERVISORY LIABILITY AGAINST SGT. MILLICAN SHOULD BE EXCLUDED BECAUSE THOSE CLAIMS HAVE BEEN DISMISSED.

Defendants also request that the Court issue an Order precluding Roger Clark from opining about the conduct of Sgt. Millican and supervisory liability pursuant to F.R.Evid. 401 and 403 because those Plaintiff has abandoned and this Court has dismissed all claims against Sgt. Millican with prejudice. (See Doc. No. 69 at 2-3.)

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determination of the action. In turn, F.R.Evid. 403 allows the court in its discretion to exclude relevant evidence if its probative value is substantially outweighed by the danger of any of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time and needlessly presenting cumulative evidence. F.R.Evid. 403.

In his Report, Roger Clark opines that "Sergeant Millican, as the ranking officer en route and at the scene, had a particular duty and failed to appropriately command and control the incident and required the proper announcements, warnings and positioning of deputies that would have prevented the wounding of Mr. Reese. His failures in this regard were connected to the unnecessary and excessive wounding of Mr. Reese." (Whitefleet Decl. ISO MIL No. 6, ¶ 3, Exh. A at 7, ¶ 4.)

{01446478.DOC}    8
**DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE PLAINTIFF'S POLICE PRACTICES EXPERT FROM TESTIFYING AT TRIAL, OR FROM TESTIFYING REGARDING ULTIMATE FACTS, DISPUTED FACTS, CREDIBILITY OF WITNESSES, LEGAL CONCLUSIONS, AND IMPROPER OPINIONS WITHOUT FACTUAL SUPPORT OR FOUNDATION**

Any and all opinion testimony regarding Sgt. Millican and his course of conduct with respect to the shooting of Plaintiff on March 25, 2011 should be excluded because it is irrelevant under F.R.Evid. 401. All claims against Sgt. Millican have been dismissed, therefore, this opinion testimony does not have "any tendency to make a fact more or less probable" of a fact of consequence. This opinion and any related testimony should further be excluded under F.R.Evid. 403 because it will confuse the issues for the jury as those claims have been dismissed, and presents of substantial danger of undue prejudice. Based on the foregoing, Defendants respectfully request the Court to issue an Order prohibiting Roger Clark from opining about Sgt. Millican.

## VI.
## OPINIONS RELATED TO THE COUNTY'S REVIEW, INVESTIGATION, TRAINING, AND DECISION TO DISCIPLINE SHOULD BE EXCLUDED

Defendants also request that the Court issue an Order precluding Roger Clark from opining about the County of Sacramento, or SCSD's, review and investigation of the incident, training, and decision whether to discipline and/or retrain the involved deputies pursuant to F.R.Evid. 401 and 403. This Court dismissed the <u>Monell</u> claim at summary judgment with prejudice, and Plaintiff abandoned all claims against Sheriff Scott Jones. (See Doc. No. 69.)

Specifically, the Court ruled that:

> "There is no triable issue of fact as to Plaintiff's municipal liability claims (the Third, Fourth and Fifth causes of action). While Plaintiff submits statistical evidence that there were 24 officer-involved shootings from 2007-2011, the Court finds absent additional information as to the circumstances of those shootings, or evidence that some adjudicatory body found a constitutional violation, or that the Office of the District Attorney found some unlawful conduct, or that the County's Internal Affairs found some unlawful conduct and reported it but was ignored, these shootings themselves are insufficient to support a finding of municipal liability under a Monell theory. Accordingly, judgment as a matter of law on these claims is appropriate."

(See Doc. No. 69 at 2.)

Despite the fact that the <u>Monell</u> claim has been summarily dismissed, Defendants anticipate Clark will opine at trial about investigation, administrative review, training and discipline of the deputies in this case. Specifically, in his report, Roger Clark also opines that: "The record demonstrates that neither in this case nor other officer involved shooting incidents, has SCSD

{01446478.DOC}                                        9

**DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE PLAINTIFF'S POLICE PRACTICES EXPERT FROM TESTIFYING AT TRIAL, OR FROM TESTIFYING REGARDING ULTIMATE FACTS, DISPUTED FACTS, CREDIBILITY OF WITNESSES, LEGAL CONCLUSIONS, AND IMPROPER OPINIONS WITHOUT FACTUAL SUPPORT OR FOUNDATION**

investigated the incidents for the purpose of determining if the training, tactics, judgment, communications and other aspects of the shooting were appropriate and/or professionally acceptable for the purpose to avoid future shooting incidents. Neither did the SCSD follow or utilize their written review process that was in effect. A failure to appropriately review and investigate officer involved shootings results in a failure to institute training and/or remedial training, changes in policy, and to identify potentially problem deputies." (Whitefleet Decl. ISO MIL No. 6, ¶ 3, Exh. A at 7, ¶ 5.)

Any testimony by Clark regarding his opinion of the County's handling of the review and investigation of the incident, decision to not discipline the involved deputies, and decision to not provide any remedial training to these deputies is irrelevant under F.R.Evid. 401. The <u>Monell</u> claim has been dismissed with prejudice, as has the supervisory liability claim against Sgt. Millican. Therefore, any evidence, opinion or argument by Plaintiff with regard to alleged inadequate training, supervision, discipline, retention, administrative review or ratification of the deputies' conduct by the Department is no longer relevant to the remaining claims.  Further, the risk of unfair prejudice substantially outweighs any probative value, as any opinion testimony by Clark would likely confuse the issues for the jury

## VII.
## **CONCLUSION**

Based on the foregoing, Defendants requests the foregoing opinions of Roger Clark be excluded.

Respectfully submitted,

Dated: October 16, 2015　　　　　PORTER SCOTT
　　　　　　　　　　　　　　　　　　A PROFESSIONAL CORPORATION


　　　　　　　　　　　　　　　　By　　/s/ John R. Whitefleet
　　　　　　　　　　　　　　　　　　　John R. Whitefleet
　　　　　　　　　　　　　　　　　　　Lauren E. Calnero
　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　COUNTY OF SACRAMENTO, ZACHARY ROSE
　　　　　　　　　　　　　　　　　　　and DUNCAN BROWN

{01446478.DOC}　　　　　　　　　　　10

**DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE PLAINTIFF'S POLICE PRACTICES EXPERT FROM TESTIFYING AT TRIAL, OR FROM TESTIFYING REGARDING ULTIMATE FACTS, DISPUTED FACTS, CREDIBILITY OF WITNESSES, LEGAL CONCLUSIONS, AND IMPROPER OPINIONS WITHOUT FACTUAL SUPPORT OR FOUNDATION**