1

2

3

4                    UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF CALIFORNIA

6

7  ROBERT I. REESE, JR.,                No.  2:13-cv-00559-GEB-DAD

8            Plaintiff,

9      v.                               **PROPOSED TRIAL DOCUMENTS**

10 COUNTY OF SACRAMENTO,
   Sacramento County Sheriff's
11 Department Deputy DUNCAN
   BROWN (Badge #1220), and
12 Sacramento County Sheriff's
   Department Deputy ZACHARY
13 ROSE (Badge #832),

14           Defendants.

15

16          Attached are the Court's proposed voir dire questions

17 and preliminary jury instructions. Any proposed modifications

18 should be submitted as soon as practicable.

19          All of the parties' proposed voir dire questions are

20 not included, and it is understood that the parties will have

21 time to conduct voir dire after the court's voir dire. The

22 following authority is provided as guidance concerning the

23 appropriateness of probing particular matters during voir dire:

24          There was no need for the court to put to the
            jury . . . the voir dire questions
25          [concerning] whether they would be impressed
            by certain types of damage testimony. It is
26          to be assumed that jurors will follow at
            least all routine instructions as to how they
27          should resolve issues. Such inquiry is not
            . . . a legal concomitant of the right of
28          peremptory challenge.

                              1

1

          Rather, the district court . . . might
2         well feel that this was but a subtle attempt
          on counsel's part to lay a foundation for his
3         case.

4  DeLaCruz v. Atchinson, T. & S. F. Ry. Co., 405 F.2d 459, 462 (5th

5  Cir. 1968). "While it is true that a [party] is entitled to a

6  voir dire that fairly and adequately probes a juror's

7  qualifications, a [party] is not necessarily entitled to test the

8  jurors on their capacity to accept his theory of the case."

9  United States v. Toomey, 764 F.2d 678, 683 (9th Cir. 1985); see

10 generally United States v. Powell, 932 F.2d 1337, 1340 (9th Cir.

11 1991) ("It is wholly within the judge's discretion to reject

12 supplemental questions proposed by counsel if the voir dire is

13 otherwise reasonably sufficient to test the jury for bias or

14 partiality.).

15 Dated:  October 21, 2015

16

17

18                           _____
                             GARLAND E. BURRELL, JR.
19                           Senior United States District Judge

20

21

22

23

24

25

26

27

28

                                     2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT I. REESE, JR.,<br><br>                Plaintiff,<br><br>        v.<br><br>COUNTY OF SACRAMENTO,<br>Sacramento County Sheriff's<br>Department Deputy DUNCAN<br>BROWN (Badge #1220), and<br>Sacramento County Sheriff's<br>Department Deputy ZACHARY<br>ROSE (Badge #832),<br><br>                Defendants. | No. 2:13-cv-00559-GEB-DAD<br><br><br>**VOIR DIRE** |

        Good morning and welcome to the United States District
Court. Thank you for your presence and anticipated cooperation
in the jury selection questioning process we are about to begin.
You are performing an important function in our legal system.

        The court personnel who will assist me in this trial
are on the platform below me. The Courtroom Deputy is Shani
Furstenau. Next to her is the Certified Court Reporter.

        We are about to begin what is known as voir dire. The
purpose of voir dire is to determine whether you can be a fair
and impartial juror on this case. Near or at the end of the

process, each party can use a certain amount of what are called peremptory challenges, which excuse a potential juror from sitting as a juror on this case.  A potential juror can also be excused for other reasons.

     1.   Ms. Furstenau, please administer the oath to the panel.

     2.   The Jury Administrator randomly selected potential jurors and placed their names on the sheet that has been given to each party in the numerical sequence in which each potential juror was randomly selected. Each juror has been placed in his or her randomly-selected seat. The Courtroom Deputy has given each juror a large laminated card on which the number is placed that depicts the order in which the juror was randomly selected.

     3.   I will ask the jurors questions as a group. If a potential juror has a response, he or she shall raise the laminated card. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, meaning the juror in the lowest numbered seat will respond first. If no card is raised, I will simply state "no response" for the record and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response. That should expedite the process.

4.   If you conclude any question unduly pries into your private affairs and you, therefore, desire to discuss it privately, let me know. I am authorized to protect legitimate privacy interests, but I may ask questions about the matter you indicate you want to discuss privately to determine whether it, or any aspect of the matter, should be discussed in the public courtroom. This approach is taken because the trial proceedings should be open unless I have a legitimate reason to close an aspect of it.

5.   The presentation of evidence and closing argument portion of the trial are expected to be completed in approximately two weeks, after which the case will be submitted to the jury for jury deliberation. Trial will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m. However, once you commence jury deliberations, you will be expected to deliberate every day except weekends from 9:00 a.m. to about 4:30 p.m. until you complete your deliberations. Does this schedule present a special problem to anyone?

6.   This is a civil case in which the parties dispute whether Sheriff Deputy Defendants Duncan Brown and/or Zachary Rose subjected Plaintiff Robert Reese to excessive force on March 25, 2011, during an interaction with Plaintiff following their response to a 911 call at Plaintiff's apartment complex,

2

during which Plaintiff was shot once.

Did you know about the allegations being tried in this case before I just stated them?

7.   Is there anything about the allegations which causes you to feel that you might not be a fair juror in this case?

8.   Is there any reason why you are unable to give your full attention to this case?

9.   Are you unable to decide this case based solely on the evidence presented?

10.  Are you opposed to judging a witness's credibility?

11.  Are you unable to apply the law I will give you if you believe a different law should apply?

12.  Plaintiff's counsel may introduce themselves and their client, and indicate any witness their client may choose to call.

Defendants' counsel may now do the same thing.

Do you know or have you had any interaction with any person just introduced or named?

13.  Have you ever served as a juror in the past?

State whether it was a civil or criminal case, and state whether the jury reached a verdict, but do not state the actual verdict reached.

14. Have you, any member of your family, or any close friend ever been employed by a law enforcement agency, including military law enforcement?

Is there anything about that employment which might cause you to favor or disfavor any party in this case or make it difficult for you to be a juror in this case?

15. Would you tend to believe the testimony of a witness just because that witness is a law enforcement officer and for no other reason?

16. Would you tend to disbelieve the testimony of a witness just because that witness is a law enforcement officer?

17. Have you read or heard about allegations or findings of law enforcement officer misconduct that prevent you from being a fair and impartial juror in this case?

18. Do you believe that no action by a law enforcement officer could rise to the level of misconduct?

19. Do you have a strong feeling about allegations of excessive force by law enforcement officers that could affect your ability to act as a fair and impartial juror?

20. Have you been a victim of what you characterize as law enforcement officer misconduct?

21. Have you had any experience or are you aware of anything that could have a bearing on your ability to be a fair and impartial juror in this case?

22. Now, I am going to ask you to put yourselves in the position of each lawyer and party in this case. Do you have any information that you think should be shared before each side is given an opportunity to exercise what are called peremptory challenges?

23. The Courtroom Deputy Clerk will give juror number one a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions. The sheet asks you to state:

Your name and your educational background and the educational background of any person residing with you; and

Your present and former occupations and the present and former occupations of any person residing with you.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


ROBERT I. REESE, JR.,

            Plaintiff,

     v.

COUNTY OF SACRAMENTO,
Sacramento County Sheriff's
Department Deputy DUNCAN
BROWN (Badge #1220), and
Sacramento County Sheriff's
Department Deputy ZACHARY
ROSE (Badge #832),

            Defendants.

No. 2:13-cv-00559-GEB-DAD


**PRELIMINARY JURY INSTRUCTIONS**

PRELIMINARY INSTRUCTION NO. 1


Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. At the end of the trial, I will give you a final set of instructions, which will govern your deliberations.

You must not infer from these instructions, or from anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

PRELIMINARY INSTRUCTION NO. 2

I am now going to give you jury admonitions that you must remember. When we take recesses, I may reference these admonitions by telling you to remember the admonitions or something similar to that. You are required to follow these admonitions whether or not I remind you to remember them:

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies; you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, Facebook, text messaging, or any Internet chat room, blog, Web site, App, or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone

2

else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.

Third, if you need to communicate with me, simply give a signed note to my courtroom deputy, or to the court reporter if my courtroom deputy is not present, who will give it to me.

PRELIMINARY INSTRUCTION NO. 3


You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

PRELIMINARY INSTRUCTION NO. 4


The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits that are received into evidence; and

any facts to which the parties agree.

5

PRELIMINARY INSTRUCTION NO. 5


In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by the lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of the facts controls;

Second, questions and objections by the lawyers are not evidence. The lawyers have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it;

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; if I give a limiting instruction, you must follow it;

Fourth, anything you see or hear when the court is not in session is not evidence. You are to decide the case solely on

6

the evidence received at the trial.

PRELIMINARY INSTRUCTION NO. 6


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

PRELIMINARY INSTRUCTION NO. 7


There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and another party thinks that it is not permitted by the rules of evidence, that party may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

PRELIMINARY INSTRUCTION NO. 8


During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time during the trial you cannot hear what is said or see what is shown, let me know so that I can correct the problem.

10

PRELIMINARY INSTRUCTION NO. 9

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left on the seat on which you are seated.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

11

PRELIMINARY INSTRUCTION NO. 10


From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

12

PRELIMINARY INSTRUCTION NO. 10

The next phase of the trial will now begin. First, each party may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, the parties will make closing arguments, and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

13