UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT I. REESE, JR.,<br><br>        Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, Sacramento County Sheriff's Department Deputy DUNCAN BROWN (Badge #1220), and Sacramento County Sheriff's Department Deputy ZACHARY ROSE (Badge # 832),<br><br>        Defendants. | No. 2:13-cv-00559-GEB-DAD<br><br>**ORDER DECLINING TO ENTER JUDGMENT AND SETTING BRIEFING SCHEDULE** |

        The parties dispute what procedure should be adopted following the jury's return of a "general verdict with answers to written questions." Fed. R. Civ. P. 58(b)(2)(A). Defendants argue: "Several issues regarding the jury's answers to the written questions in the verdict form that may affect the form and language of the final judgment in this case remain unresolved." (Defs.' Resp. to Order Vacating Judgment ("Resp.") 2:5-6, ECF No. 174.) In light of Defendants' contention that several issues exist "regarding the jury's answers to the written questions in the verdict form;" and the requirement set forth in Federal Rule of Civil Procedure ("Rule") 58(b)(2) that any

1

judgment entered is "[s]ubject to Rule 54(b)," the "policy against piecemeal [appellate] review," fostered by Rule 54(b), guides this Court's decision on whether to immediately enter judgment. Rule 54(b) prescribes in pertinent part that a partial judgment should "only" be issued "if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). This determination cannot be made since Defendant Zachary Rose contends he is entitled to qualified immunity on Plaintiff's federal excessive force claim. Defendants argue, "a briefing schedule ... would allow the parties time to address" this remaining issue, inter alia, and that this "would be more efficient from a procedural standpoint and may narrow the need for additional post-trial motions following the entry of judgment." (Resp. 2:12-15.) Plaintiff counters that "Plaintiff was entitled to entry of judgment in his favor on the date of the jury verdict." (Pl.'s Brief in Resp. to Order Vacating J. 2:27-28, ECF No. 173.) Plaintiff cites Burney v. Intermare K.G., 717 F.Supp. 793, 808 (M.D. Fl. 1988) in support of his argument. However, Plaintiff's reliance on Burney is misplaced because that decision concerns entry of judgment following the jury's return of a general verdict without accompanying answers to written questions as are involved in this case.

Defendants are clearly correct on the pending qualified immunity issue. Therefore, Defendants' request for a briefing schedule is granted. Accordingly, within fourteen days from the date on which this Order is filed, Defendants shall file their opening brief; fourteen days thereafter Plaintiff shall file an opposition; and Defendants may file their reply within seven days

after Plaintiff files an opposition. The hearing is scheduled to commence at 8:00 AM on Tuesday, January 5, 2016.

Dated: November 23, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge