UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT I. REESE, JR.,<br><br>          Plaintiff,<br><br>     v.<br><br>Sacramento County Sherriff's Department Deputy ZACHARY ROSE (Bade 832),<br><br>          Defendant. | No. 2:13-cv-00559-GEB-KJN<br><br>**ORDER CONCERNING ENTRY OF JUDGMENT** |

The trial in this action concluded on November 6, 2015, when the jury returned a general verdict with answers to written questions, finding in part in a general verdict that Defendant Zachary Rose is liable for, *inter alia*, subjecting Plaintiff to excessive force in violation of the Fourth Amendment to the United States Constitution. (Revised Verdict Form 1:17-21, ECF No. 164.) Judgment was entered on November 9, 2015, under Federal Rule of Civil Procedure ("Rule") 58(b)(1)(A). (ECF No. 165.) However, on November 10, 2015, judgment was vacated in an Order stating: "The Court mistakenly authorized judgment to be entered prematurely under [Rule 58(b)(1)(A)], which applies to the entry of judgment following the return of [only] a general verdict.

[However, i]n this case, the jury returned a general verdict <u>with answers to written questions</u>." (Order Vacating J., ECF No. 167 (emphasis added).) Therefore, the judgment in this case is controlled by Rule 58(b)(2)(A), which prescribes: "Subject to Rule 54(b), the court must promptly approve the form of the judgment, which the clerk must promptly enter, when: (A) the jury returns a . . . general verdict with answers to written questions . . . ." Rule 54(b) prescribes in pertinent part that a partial judgment should "only" be issued "if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). It was decided that this determination could not be made since immediately after the jury was discharged and permitted to leave the courtroom, Defendants' counsel stated in response to the Court's inquiry "Anything further to cover?", "We would reserve the arguments regarding Heck and qualified immunity for a [Rule] 50(b) motion that we will be intending later on." (Trial Tr. 967:10-12, ECF No. 185.)

    In light of Defendants' representation that they would make arguments that could bear on the ultimate judgment entered in this case, and the Rule 54(b) prescription that a partial judgment should "only" be issued "if the court expressly determines that there is no just reason for delay[,]" (Fed. R. Civ. P. 54(b)), the Court authorized briefing on the issues. (Order Declining to Enter J. & Setting Br. Sch., ECF No. 177.) Defendant Rose submitted a supplemental brief arguing he is entitled to qualified immunity, "in light of the jury answers to written questions." (Def. Rose's Suppl. Br. Re Qualified Immunity 1:23-25, ECF No. 190.)

Oral argument on the qualified immunity issue was scheduled for hearing on January 14, 2016; however at that hearing, the Court first probed the basis for Plaintiff's contention in a post-trial brief that the judge "deprived [Plaintiff] of procedural due process" when the judge "vacat[ed]" the Clerk's November 9, 2015 Rule 58(b)(1)(A) "judgment summarily [and] sua sponte," "without notice and a hearing." (See Pl.'s Mem. Resp. to Defs.' Post-Trial Brs. Re Qualified Immunity 5:15-21, ECF No. 192.) Plaintiff responded by withdrawing his procedural due process argument.

Next, Defendant Rose's counsel was asked whether he was making a qualified immunity motion under any Rule. Defendant Rose's response evinced he has not yet moved under Rule 50(b) for judgment on his qualified immunity defense, and Defendant Rose ultimately said his supplemental brief concerning qualified immunity was only filed because he thought it was ordered. Since Defendant Rose has not yet sought qualified immunity in a post-verdict motion, his supplemental briefs on the issue are disregarded.

Defendants also stated at the January 14, 2016 hearing that they are not opposed to judgment being entered immediately based on the Revised Verdict Form, filed November 6, 2015, provided that it is clear that judgment is also entered in favor of Defendant Duncan Brown. However, the Clerk's judgment that enters judgment in accordance with the jury verdict rendered on November 6, 2015, need not be amended.

In light of Defendant Rose's failure to articulate a "just reason for delay in entering judgment" as required by Rule

3

54(b), the Clerk of Court shall enter judgment in accordance with the jury verdict rendered on November 6, 2015.

Dated:  January 14, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge