UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT I. REESE, JR.,<br><br>             Plaintiff,<br><br>   v.<br><br>COUNTY OF SACRAMENTO; Deputy DUNCAN BROWN (Badge #1220); Deputy ZACHARY ROSE (Badge #832),<br><br>             Defendants. | No. 2:13-cv-00559-GEB-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |

On February 11, 2016, Plaintiff Robert I. Reese, Jr. ("Reese"), filed a motion for attorneys' fees, in which he argues he is entitled to attorneys' fees under 42 U.S.C. § 1988 and California Civil Code section 52.1(h). Specifically, Reese contends he satisfies the prevailing party requirement in each statute since he prevailed on his Fourth Amendment excessive force claim against Defendant Zachary Rose ("Rose"), and on his California Bane Act claim against Defendant County of Sacramento and Defendant Rose. (Mot. for Att'ys' Fees 5:5-18, ECF No. 202.)

However, on June 8, 2016, judgment was entered (ECF No. 219) as follows: in favor of Rose on Reese's Fourth Amendment claim since Rose prevailed on his qualified immunity defense which immunizes him from liability on this claim, in favor of Defendant County of Sacramento on Reese's Fourth Amendment municipal liability claim since the order filed on July 17, 2015 summarily adjudicated this claim, and in favor of Defendant Duncan Brown on Reese's Fourth Amendment claim since the jury's

1

general verdict found Brown was not liable. (Order Amending Judgment 1:21-2:13, ECF No. 218.) Further, an amended judgment was entered in favor of Defendant Rose and Defendant County of Sacramento on Reese's Bane Act claim, and judgment was entered in favor of Defendant Brown on Reese's Bane Act claim since the jury's general verdict found Brown was not liable. (Id.)

Therefore, Reese has not shown that the authority he cites justifies his request for attorneys' fees, and his motion is DENIED.

Dated: June 8, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge