UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT I. REESE, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO;<br>Sacramento County Sherriff's<br>Department Deputy DUNCAN<br>BROWN (Badge #1220); and<br>Sacramento County Sherriff's<br>Department Deputy ZACHARY<br>ROSE (Badge #832),<br><br>    Defendants. | No. 2:13-cv-00559-GEB-KJN<br><br>**ORDER GRANTING IN PART BILL OF COSTS SUBMITTED FOR THE LAW OFFICE OF STEWART KATZ; GRANTING IN PART BILL OF COSTS SUBMITTED FOR THE LAW OFFICES OF DALE K. GALIPO** |

    Plaintiff Robert I. Reese, Jr. ("Reese") submitted two Bill of Costs supported by declarations from his counsel. Reece's attorney Stewart Katz, from the Law Office of Stewart Katz, declares he incurred $19,103.48 in costs. (Pl.'s Bill of Costs for the Law Office of Stewart Katz ("Katz Bill of Costs") 1:24-26, ECF No. 198.) Reece's attorney Dale K. Galipo, from the Law Offices of Dale K. Galipo, declares he incurred $783.50 in costs. (Bill of Costs for the Law Offices of Dale K. Galipo ("Galipo Bill of Costs"), ECF No. 199.) Deputy Zachary Rose and the County of Sacramento (collectively, "Defendants") oppose each Bill of Costs. (Opp'n to Galipo Bill of Costs, ECF No. 200; Opp'n to Katz Bill of Costs, ECF No. 201.)

    Judgment was entered in this lawsuit against Reece on

1

his federal Fourth Amendment claim and on his claims alleged under the California Bane Act; and Reece prevailed on his battery claim against Defendants Rose and the County of Sacramento.

**LEGAL STANDARD**

Reese's cost requests are considered under Federal Rule of Civil Procedure ("Rule") 54(d)(1), 28 U.S.C. § 1920, and Local Rule 292. Rule 54(d)(1) states in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> **(1)** Fees of the clerk and marshal;
>
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> **(5)** Docket fees under section 1923 of this title;
>
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Local Rule 292(f) prescribes the following costs are

recoverable:

> (1) Clerk's fees (28 U.S.C. §§ 1914, 1920(1));
>
> (2) Marshal's fees and fees for service by a person other than the Marshal under Fed. R. Civ. P. 4 to the extent they do not exceed the amount allowable for the same service by the Marshal (28 U.S.C. §§ 1920(1), 1921);
>
> (3) Court reporter's fees (28 U.S.C. § 1920(2));
>
> (4) Docket fees (28 U.S.C. §§ 1920(5), 1923);
>
> (5) Fees for exemplification and copies of papers necessarily obtained for use in the action (28 U.S.C. § 1920(4));
>
> (6) Fees to masters, receivers, and commissioners (Fed. R. Civ. P. 53(a));
>
> (7) Premiums on undertaking bonds or security required by law or by order of the Court or necessarily incurred by a party to secure a right accorded in the action;
>
> (8) Per diem, mileage and subsistence for witnesses (28 U.S.C. § 1821);
>
> (9) Compensation of Court-appointed experts, compensation for interpreters, and salaries, fees, expenses, and costs of special interpretation services (28 U.S.C. §§ 1828, 1920(6));
>
> (10) Costs on appeal taxable in the District Court pursuant to Fed. R. App. P. 39(e); and
>
> (11) Other items allowed by any statute or rule or by the Court in the interest of justice.

E.D. Cal. L.R. 292(f).

**ANALYSIS**

"Costs are generally awarded to the successful party even if he is not awarded his entire claim." Thomas v. SS Santa Mercedes, 572 F.2d 1331, 1335 (9th Cir. 1978). "A party need not prevail on every issue, or even on the 'central issue' in the

3

case, to be considered a 'prevailing party.'" Hashimoto v. Dalton 118 F.3d 671, 677 (9th Cir. 1997) (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 790-91 (1989)); see also Hines v. Perez, 242 F.2d 459, 466 (9th Cir. 1957) (upholding trial court's awarding costs in action since plaintiff was the "prevailing party" and "entitled to costs, even though he failed to sustain all his claim." (citation omitted)). Further, "the Ninth Circuit has construed [Rule 54(d)(1)], as creating a presumption in favor of awarding costs to the prevailing party." Shum v. Intel Corp., 629 F.3d 1360, 1370 (Fed.Cir.2010).

**1. Bill of Costs Incurred by Mr. Katz**

Defendants object to Reese's Bill of Costs incurred by the Law Office of Mr. Katz as follows.

**a. Local Rule 292(b)**

Defendants argue that Reese's Bill of Costs accompanied by Mr. Katz's declaration fails to satisfy Local Rule 292(b)'s requirements. (Opp'n to Katz Bill of Costs, 2:1-10.) Local Rule 292(b) provides in pertinent part: "The cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred." E.D. Cal. L.R. 292. Each Bill of Costs includes sufficient information to satisfy what is required by Local Rule 292(b). Accordingly, this objection is overruled.

**b. Fees for Service of Summons and Subpoena**

Defendants also object to the fees sought for costs of service of trial subpoena. (Opp'n to Katz Bill of Costs, 2:12-13.) Defendants contend: "Plaintiff provides no explanation as to

why [these costs] were necessary." (Id. at 2:15-16.)

Defendants have not shown that the referenced costs were unnecessary. Accordingly, this objection is overruled.

### c. Fees for Printed or Electronically Submitted Transcripts

Defendants also object to the $14,283.33 Reese seeks for deposition transcripts. Specifically, Defendants contend: "these depositions were merely investigatory" and "Plaintiff provides no explanation why or how video copies of certain depositions (in addition to the transcript) were necessary, particularly when none were used at trial." (Opp'n to Katz Bill of Costs 3:14-16, 17-18.) Defendants further argue: "costs [are] taxable for either stenographic transcription or video-recording of depositions, but not both." (Id. at 3:21.)

In evaluating cost requests for transcript copies, the transcripts "need not be absolutely indispensable . . . it is enough if they are 'reasonably necessary.'" Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993) (quoting State of Ill. v. Sangamo Constr. Co., 657 F.2d 855, 867 (7th Cir. 1981)), superseded by Rule on other grounds as stated in Little v. Mitsubishi Motors N. Am., Inc. "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken." Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 455 (7th Cir. 1998); see also Allison v. Bank One-Denver, 289 F.3d 1223, 1249 (10th Cir. 2002) (stating that as long as the deposition appeared "reasonably necessary" at the time it was taken, absent other reasons for denial, "costs should be approved").

However, Reese has not shown he was reasonable in

1  requesting both stenographic and video copies of depositions,
2  since the video depositions were not used at trial. Section
3  1920(2) permits taxable costs for "[f]ees for printed **or**
4  electronically recorded transcripts necessarily obtained for use
5  in the case[.]" 28 U.S.C. § 1920(2) (emphasis added). Therefore,
6  this objection is sustained and costs are reduced by $1,564.94,
7  which is the amount billed for video copies of certain
8  depositions. Because of this reduction, the taxable cost for
9  transcripts is $12,718.39.

### d. Fees and Disbursements for Printing

Defendants also object to Reese's inclusion of costs for printing, which include "medical and billing records [when] no such documents were even listed as exhibits for trial." (Opp'n to Katz Bill of Costs 4:2-3.) However, this objection is overruled because Reese could have reasonably believed these records were necessary at the time they were obtained.

### e. Fees for Witnesses

Defendants also object to Reese's requested costs for witnesses, arguing: "Plaintiff provides no authority [which demonstrates that] an expert for deposition is recoverable[; u]nless the expert is appointed . . . the only fees that are recoverable as witness fees under section 1920(3) are those allowed by statute for a witness' attendance at court or a deposition." (Opp'n to Katz Bill of Costs 4:21-24 (citing 28 U.S.C. § 1821).)

28 U.S.C. § 1821 states in relevant part

> A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee

> for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. § 1821.

In the bill of costs for the Law Office of Mr. Katz, Reese argues: "Defendants disclosed Dr. Richard Clark [and Dr. Jamie Bigelow] as . . . expert witness[es] and [these are the fees] [P]laintiff was required to pay pursuant to Federal Rule of Civil Procedure 26(b)(4)(E)." (Katz Bill of Costs—Attach. 1.)

Rule 26(b)(4)(E) provides in relevant part:

> Unless manifest injustice would result, the court must require that the party seeking discovery:
>
>> (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and
>>
>> (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Fed. R. Civ. P. 26(b)(4)(E).

Reese has not justified recovery of more than the statutory amount recoverable under 42 U.S.C. § 1821. Therefore, Reese's fees for Dr. Richard Clark and Dr. Jamie Bigelow are reduced to $40.00 each thereby resulting in a recovery of $1,025.00 in witness costs.

**f. Total Amount Owed to Law Office of Mr. Katz**

In accordance with the above stated reductions the following costs are awarded to Reese for costs incurred by the Law Office of Mr. Katz:

7

| | |
|---|---|
| Fees of the Clerk | $350.00 |
| Fees for service of summon and subpoena | $589.50 |
| Fees for printed or electronically recorded transcripts | $12,718.39 |
| Fees and disbursements for printing | $1,360.65 |
| Fees for witnesses | $1,025.00 |
| **Total: $16,043.54** | |

### 2. Bill of Costs Incurred by Mr. Galipo

Defendants object to Reese's Bill of Costs incurred by the Law Offices of Mr. Galipo as follows.

#### a. Local Rule 292(b)

Defendants contend that Reese fails to meet the filing requirements set forth in Local Rule 292(b). However, Reese has satisfied those requirements.

#### b. Fees for Printed or Electronically Submitted Transcripts

Defendants also object to Reese's fees for the electronically submitted transcript of expert witness Peter Valentin. Specifically, Defendants contend:

> Peter Valentin was Defendants' retained rebuttal only expert witness in blood splatter to address the insufficiencies in Plaintiff's expert witness Peter D. Barnett for rebuttal only, which Plaintiff deposed on May 19, 2015. Defendants moved in limine to

8

>                preclude Plaintiff's own expert Peter Barnett
>                from testifying, while not granted, resulted
>                in Plaintiff not calling their own expert at
>                trial, rendering Mr. Valentin's testimony
>                moot. Plaintiff apparently paid for the
>                transcript well after trial in early
>                November. (Check is dated December 21, 2015,
>                without explanation why this was necessary.)

(Opp'n to Galipo Bill of Costs 2:21-27.) This objection is sustained.

### c. Expert Fees

Defendants also object to Reese's $300.00 request for expert witness fees. Reese cites 42 U.S.C. § 1988 as authority for awarding this cost; however, Reese did not ultimately prevail on any of his claims brought under 42 U.S.C. § 1983 as required to recover fees under § 1988. Further expert fees are only permitted in actions to "enforce a provision of section 1981 or 1981(a)." 42 U.S.C. § 1988. Accordingly, Reese's $300 fee request for his expert witness is reduced to $40.

### f. Total Amount Owed to Law Offices of Mr. Galipo

In accordance with the above stated reductions, the following costs are awarded to Reese for costs incurred by the Law Offices of Mr. Galipo:

| | |
|---|---:|
| Fees for printed or electronically recorded transcripts | $9.00 |
| Fees for witnesses | $40.00 |
| **Total: $49.00** | |

**CONCLUSION**

For the stated reasons, Plaintiff is awarded $16,092.54 in costs. The judgment shall be amended to include these costs.

Dated: June 17, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge