UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT I. REESE, JR., <br><br>  Plaintiff, <br><br>  v. <br><br> COUNTY OF SACRAMENTO, Sacramento County Sheriff's Department Deputy DUNCAN BROWN (Badge #1220), and Sacramento County Sheriff's Department Deputy ZACHARY ROSE (Badge #832), <br><br>  Defendants. | No. 2:13-cv-559 WBS DB <br><br><br> ORDER |

----oo0oo----

This case was remanded by the Ninth Circuit for a new trial on plaintiff's Bane Act claim. Defendants argue that, notwithstanding the Ninth Circuit's mandate, the case may not proceed to trial because under Cornell v. City and County of San Francisco, 17 Cal. App. 5th 766, 803 (2017), because this court must first determine that "the right at issue [is] clearly

1

delineated and plainly applicable under the circumstances of the case." The court disagrees. The Ninth Circuit expressly remanded the case to this court "for a new trial", not for a determination as to whether plaintiff is entitled to a new trial.

Defendants argue that the Cornell determination is equivalent to whether a right was clearly established under the qualified immunity analysis under federal law. Defendants note that in determining that Deputy Rose was entitled to qualified immunity on the § 1983 claim the Ninth Circuit found that the law regarding the use of the force in this case was not clearly established. Therefore, under defendants' argument, the Ninth Circuit has already determined that the Bane Act claim may not proceed to trial because the right at issue was not clearly delineated. If the Ninth Circuit intended that to be the effect of its holding, this court assumes it would not have remanded the case for new trial.

The Ninth Circuit relied heavily on Cornell in reversing judgment for defendants on the Bane Act claim. If, in fact, the qualified immunity "clearly established law" determination and the Cornell "clearly delineated and plainly applicable" test were equivalent, the Ninth Circuit could have easily determined that remand was unnecessary. Instead, the Ninth Circuit remanded the case for a new trial on the Bane Act claim. This court will follow the Ninth Circuit's mandate and proceed to trial on the Bane Act claim as previously scheduled on November 6, 2018.[1]

---

[1] In light of the fact that trial on plaintiff's Bane Act claim is approaching in only a few weeks, the court does not

2

1 | IT IS SO ORDERED.
2 | Dated:  October 16, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

decide whether plaintiff is entitled to immediately collect on
the damages award he received on his battery claim.