UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT I. REESE, JR., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SACRAMENTO, Sacramento County Sheriff's Department Deputy DUNCAN BROWN (Badge #1220), and Sacramento County Sheriff's Department Deputy ZACHARY ROSE (Badge #832), <br><br> Defendants. | No. 2:13-cv-559 WBS DB <br><br><br> <u>FINAL PRETRIAL ORDER ON REMAND</u> |

----oo0oo----

This case was remanded by the Ninth Circuit for a new trial on plaintiff's Bane Act claim. The court held a status conference on October 22, 2018. Following the conference, the court orders as follows:[1]

---

[1] A further conference will be held at 10:00 a.m. on November 6, 2018 to discuss proposed jury instructions and

1

I. Jurisdiction – Venue

Jurisdiction is predicated upon the court's supplemental jurisdiction, 28 U.S.C. § 1367. Venue is undisputed and hereby found to be proper.

II. Jury – Non-Jury

All parties previously demanded a jury trial. Accordingly, the action on remand shall be tried, pursuant to Federal Rule of Civil Procedure 48, before a jury consisting of no less than six and no more than twelve members.

III. Statement of Case, Jury Instructions, and Proposed Form of Verdict

By October 31, 2018, the parties shall submit a joint statement of the case to be read to the jury.

By October 31, 2018, the parties shall file proposed jury instructions and proposed forms of verdict pursuant to Local Rule 163.

IV. Voir Dire Questions

By October 31, 2018, counsel for each party shall submit all proposed voir dire questions they wish the court to address to the prospective jurors. Each party shall also have 45 minutes for attorney voir dire.

V. Trial Briefs

By October 31, 2018, counsel for each party shall file trial briefs pursuant to Local Rule 285.

VI. Remaining Claims

Plaintiff's remaining claim for trial on remand is his verdict forms.

claim against Sacramento County Sheriff's Deputy Zachary Rose for violation of California Civil Code § 52.1, the Bane Act. The parties agree that the jury need only find whether defendant Rose is liable under the Bane Act, as the jury's damages award in the prior trial in this case was affirmed by the Ninth Circuit.

VII. Witnesses

The parties shall file their witness lists by October 31, 2018. Except for retained experts, each party may call any witness designated by any other party.

VIII. Exhibits

The parties shall file their exhibit lists by October 31, 2018. Each party may offer any exhibit designated by any other party. Each party shall exchange copies of all exhibits they intend to offer, or make them reasonably available for inspection by all other parties, by October 31, 2018.

The attorney for each party is directed to appear before trial and present an original (and if physically possible one copy) of each exhibit to Deputy Clerk Karen Kirksey Smith at 8:30 a.m. on the date of trial.

Each exhibit which has been designated in the parties' exhibit lists and presented on the morning of the date of trial shall be pre-marked by counsel. Plaintiff's exhibits shall bear numbers; defendant's exhibits shall bear letters. If no objection has been made to such exhibit, such exhibit will require no further foundation and will be received in evidence upon the motion of any party at trial.

IX. Further Discovery and Motions

No further motions shall be brought before trial except

upon order of the court and upon a showing of manifest injustice. Fed. R. Civ. P. 16(e). No further discovery will be permitted except by the express stipulation of all parties or upon order of the court and upon a showing of manifest injustice. Id. The parties shall present any motions in limine in their trial briefs.

X. Use of Depositions or Interrogatories

By October 31, 2018, counsel for each party shall file and serve a statement designating all answers to interrogatories and all portions of depositions intended to be offered or read into evidence, with the exception of portions to be used only for impeachment or rebuttal.

XI. Date and Length of Trial

The trial is set for November 7, 2018, in Courtroom 5. The court estimates that the trial will last approximately 5 days.

XII. Daubert Procedure

Any challenges based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), will be raised and resolved outside the presence of the jury just prior to when the challenged expert will be called to give testimony. Any challenged expert shall be present for such a challenge, and shall be available for questioning.

XIII. Evidence Presentation Equipment

If any party feels that electronic presentation is necessary, they should be prepared to operate the courtroom's equipment or bring their own audio-visual equipment to the

courtroom and be prepared to operate it themselves.

XIV. <u>Objections to Pretrial Order</u>

Any objections or suggested modifications to this Order shall be filed and served within five court days from the file-stamped date of this Order. If no objections or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: October 22, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE